NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EBONY REESE, : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Plaintiff, : | **OPINION** |
| : | Civil Action No. 08-1382 (DMC) |
| v. : | |
| : | |
| HORIZON BLUE CROSS BLUE : | |
| SHIELD OF NEW JERSEY, : | |
| : | |
| Defendant. : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon Defendant Horizon Blue Cross Blue Shield's ("BCBS") motion to dismiss *pro se* Plaintiff Ebony Reese's ("Reese") Amended Complaint under Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of the Court that Defendant's motion to dismiss is **granted.**

**I.     B**ACKGROUND[1]

    A.     *Factual Background*

Plaintiff Reese was employed by BCBS as a call center service associate from October 1, 2007 until her termination on November 7, 2007. On October 16 and 17, Reese alleges that she had a "verbal disagreement" with a member of the payroll department about "corrections" that needed to be made on her "compensation of labor document." Reese later sent a letter about this

---

[1] The facts set forth in the Opinion are taken from the Parties' statements in their respective moving papers.

"disagreement" to the management of the payroll department, stating only that the payroll representative "verbally communicated to me that the corrections would not be made." Roughly two weeks after submitting this letter, Reese was informed by her supervisor that she was "not progressing" and that her employment was being terminated. Reese alleges that her termination came despite her scoring well on assessment tests and having not been late to work during her employment.

  B. *Procedural History*

Reese filed charges regarding her termination with the Equal Employment Opportunity Commission ("EEOC") on January 7, 2008, and with the New Jersey Division of Civil Rights on February 5, 2008. The EEOC granted Reese the right to sue on March 7. Reese filed her Complaint in this Court on March 17. On April 4, the Court entered an Order requiring Reese to provide a "more definite statement of her claims." Reese filed an Amended Complaint on June 5 alleging that she was subjected to retaliatory discrimination by BCBS and bringing claims for employment discrimination, retaliatory discharge, fraud, conspiracy, and infringement of freedom of contract.

**II.** **STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a

complaint for failure to state a claim.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S. Ct. 1955 (2007).  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45–46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 127 S. Ct. at 1965.

This Court is also cognizant of the leniency given to *pro se* litigants.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Albinson, 356 F.3d 278 (3d Cir. 2004).

### III.   DISCUSSION

   *A.   Employment Discrimination*

Reese's claim for employment discrimination fails to state a cause of action upon which relief may be granted.  A plaintiff alleging a Title VII claim for discriminatory discharge must allege that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was discharged; and (4) the employment action suggests an inference of discrimination because of her membership in the protected class, such as might occur when the position is filled by a person not of the protected class.  See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1066 n.5 (3d Cir. 1996).  In this case, the Amended Complaint alleges only that Reese was qualified for the position and that she was discharged.  It fails to allege in any manner, however, that BCBS's actions were motivated by or the result of Reese's membership in a protected class.

While the Amended Complaint does contain conclusory statements alleging simply that Reese was the victim of discrimination, it is devoid of any facts whatsoever supporting an inference of discriminatory conduct by BCBS.  Accordingly, because the factual allegations included in the Amended Complaint fail to "raise a right to relief above the speculative level," Twombly, 127 S. Ct. at 1965, Reese's employment discrimination claim is dismissed under Rule 12(b)(6).

  B.  *Retaliatory Discharge*

Reese's claim for retaliatory discharge also fails under Rule 12(b)(6).  A plaintiff alleging a Title VII claim for retaliatory discharge must demonstrate: (1) that plaintiff engaged in statutorily protected activity; (2) that the employer took an adverse employment action against plaintiff; and (3) a causal connection between the plaintiff's protected activity and the employer's adverse action.  See Abramson v. William Patterson College, 260 F.3d 265, 286 (3d Cir. 2001). Here, Reese fails to identify any causal link whatsoever between her apparently protected act of submitting a letter to management about the "verbal disagreement" and her termination a month later.  Instead, the Amended Complaint asserts merely that Reese "believes" she has been subjected to retaliatory discrimination.  While temporal proximity may be sufficient to establish a causal nexus, see id. at 288, the Court nonetheless finds that the Amended Complaint in this case is so bare and devoid of any facts demonstrating a causal connection between Reese's disagreement with the payroll department and her later termination that such a claim cannot be maintained.  Accordingly, because Reese fails to demonstrate a causal nexus between her protected activity and her termination by BCBS, her Title VII claim for retaliation is dismissed under Rule 12(b)(6).

*C.     Fraud*

Reese's fraud claim must be dismissed because it fails to meet the heightened pleading standard of Fed. R. Civ. P. 9(b).  Claims for fraud must be "stated with particularity" under Rule 9(b).  The Rule is designed to provide defendants with "notice of the precise misconduct that is alleged" and to "protect the reputation of defendants by safeguarding them against spurious allegations of immoral and fraudulent conduct."  See Eli Lily and Co. v. Roussel Corp., 23 F. Supp. 2d 460, 491 (D.N.J. 1998).  Plaintiffs asserting fraud must demonstrate: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the plaintiff rely on it; (4) reasonable reliance of the plaintiff thereon; and (5) resulting damages.  Id. at 492.

In this case, the facts upon which Reese bases her fraud claim are unclear.  The Amended Complaint lists a cause of action for fraud among a laundry list of other claims, but never specifies the alleged misrepresentation.  Such a claim fails to satisfy the heightened pleading standard of Rule 9(b) because it does not provide BCBS with "notice of the precise misconduct" so that they may put forth a reasonable defense.  The only potential basis for a fraud allegation that the Court can identify is Reese's assertion that she "scored high on required tests" and "reported to place of employment at the designated time," but was terminated anyway for "not progressing."  Even assuming that the "not progressing" comment is the basis for Reese's claim, however, the Court notes that such a claim would still not survive a Rule 12(b)(6) motion to dismiss because the Amended Complaint fails to allege the remaining elements of a fraud claim,

including knowledge of falsity and reliance.[2]  Accordingly, because Reese has failed to plead her fraud claim "with particularity," the claim is dismissed under Rule 9(b).  Alternatively, Reese's fraud claim may also be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief may be granted.

### D. *Conspiracy*

Reese's civil conspiracy claim must also be dismissed because it fails to allege a combination of two or more persons and because it is not supported by an underlying wrong. Claims for civil conspiracy must allege "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another and an overt act that results in damage." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005); Sunkett v. Misci, 183 F. Supp. 2d 691, 722 (D.N.J. 2002).  No claim exists in the absence of an underlying wrong apart from the conspiracy itself.  Sunkett, 183 F. Supp. 2d at 722.

In this case, Reese's conspiracy claim fails to allege the most fundamental element of civil conspiracy—that being an agreement between two or more persons to commit an unlawful act.  Employees of a corporation acting within the scope of their employment cannot conspire with a corporation or with each other, as they are all considered one entity.  Id. The rationale for the rule is that a corporation can only act through its officers, thus making a conspiracy between the officers and the entity "like a dance with one's own shadow."  Id.  The only exception is

---

[2] Additionally, the Court notes that it finds the "not progressing" statement to be a dubious basis for a fraud claim.  A claim relying on that statement may implicate the Court's duty under Rule 9(b) to "protect the reputation of defendants by safeguarding them against spurious allegations of immoral and fraudulent conduct."  See Eli Lily, 23 F. Supp. 2d at 491.

where the officers act "outside the course and scope of their employment," so that they can no longer be said to represent the employer entity. Id. (quoting Heffernan v. Hunter, 189 F.3d 405, 412 (3d Cir.1999)).  Here, the only actors identified by Reese in her Complaint are BCBS employees.  It thus appears clear that Reese's conspiracy claim is based on an alleged agreement among BCBS employees to somehow commit a wrong against Reese.  Reese makes no allegations that the employees were acting outside the scope of their employment, however, and thus fails to account for the rule that a corporation cannot conspire with itself.  Furthermore, as illustrated by the dismissal of the remaining counts in the rest of this Opinion, no underlying wrong exists to support a civil conspiracy.  Accordingly, because Reese fails to allege a combination among two or more persons, and because no underlying wrong exists, Reese's civil conspiracy claim is dismissed under Rule 12(b)(6).

      E.      *Infringement of Freedom of Contract*

Finally, Reese's claim for "infringement of freedom of contract" must be dismissed because such a claim is not a cognizable action recognized by this Court.  In her Complaint, Reese summarily asserts a claim for "infringement of freedom of contract," without specifying the factual or legal basis for her claim.  Reese provides no legal authority for her claim, and the Court is unable to otherwise identify one in either statutory or common law.  Furthermore, to the extent that Reese attempts to assert a constitutional claim, the Court notes that neither the Contracts Clause of the Constitution, which prevents states from passing laws impairing existing contractual obligations, see Bowman v. Township of Pennsauken, 709 F. Supp. 1329, 1338 (D.N.J. 1989), nor the due process protections of the Fifth and Fourteenth Amendments, which protect an individual's ability to contract without undue governmental interference, Northwestern

Nat'l Life Ins. Co. v. Riggs, 203 U.S. 243, 252–53 (1906), is implicated here, and thus any claims thereunder fail to state a claim upon which relief may be granted. Accordingly, because Reese fails to plead a cognizable action for "infringement of freedom of contract," her claim is dismissed under Rule 12(b)(6).

**IV.** **CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss for failure to state a claim is **granted**. An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:      December   9  , 2008
Orig.:      Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File